**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Desert Dental Solutions, Inc., | ) | No. 05-CV-3472-PHX-FJM |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Independent Resources Network Corporation, | ) | |
| Defendant. | ) | |

**I**

Defendant Independent Resources Network Corporation ("IRN") contracted with plaintiff Desert Dental Solutions, Inc. ("DDS") to provide credit card processing services for DDS in exchange for processing fees. In August 2005, Farzin Tayefeh, a patient at DDS, agreed to prepay DDS $100,000 for dental services, and accordingly authorized Bank of America Visa ("Visa") to process his payment. IRN subsequently received the $100,000 transfer from Visa, but instead of transferring the funds to DDS, it held the funds in a reserve account. IRN claims that it was entitled to do so pursuant to its contract with DDS, and that at all events, its actions were reasonable because of the potential for fraud in the transaction, and because IRN needed to hold the funds for security until the expiration of the period during which Mr. Tayefeh could initiate a chargeback. DDS claims that because IRN delayed the processing of the payment, Mr. Tayefeh sought another dentist to perform his

1  dental services. Accordingly, DDS filed a complaint in Maricopa County Superior Court,
2  raising various common law and statutory claims. IRN removed the case to this court
3  pursuant to 28 U.S.C. § 1441.

4      The contract between DDS and IRN includes a forum selection clause, which states
5  that "IRN, Member, and Merchant agree that all actions arising out of or relating to this Card
6  Services Agreement shall be brought in the courts of the State of Georgia, sitting in DeKalb
7  County and expressly agree to the exclusive jurisdiction of such courts." Motion to Dismiss,
8  Ex. B at 4.[1] Accordingly, IRN moves to dismiss this case for improper venue pursuant to
9  Rule 12(b)(3), Fed. R. Civ. P. We have before us IRN's motion to dismiss (doc. 4), the
10 response and reply.

**II**

12     DDS argues that because IRN removed this case to federal court, it waived its
13 objections to venue. We disagree. "It is well settled that the filing of a removal petition in
14 a diversity action, without more, does not waive the right to object in federal court to the state
15 court venue." Lambert v. Kysar, 983 F.2d 1110, 1113 n.2 (1st Cir. 1993).

> When the improper venue objection is premised on a forum selection clause
> that designates the state court of another state . . . as the exclusive forum for
> any dispute between the parties, an objection to the lack of proper venue based
> on the clause is not waived or cured if the defendant removes the action from
> the state court, because such a clause renders the action unremovable as well
> as making venue improper under the general venue statute.

17 James Wm. Moore et al., Moore's Federal Practice § 111.36[5][c]. See also Spradlin v.
Lear Siegler Mgmt. Servs. Co., Inc., 926 F.2d 865, 868 (9th Cir. 1991) (affirming the district
court decision granting defendant's motion to dismiss for improper venue pursuant to a forum
selection clause despite defendant's removal to federal court, without considering the issue
of waiver).

---

[1] "[A] district court ruling on a motion to dismiss may consider a document the authenticity of which is not contested, and upon which the plaintiff's complaint necessarily relies." Parrino v. FHP, Inc., 146 F.3d 699, 706 (9th Cir. 1998). We consider the contract submitted by IRN because DDS does not contest its authenticity and because DDS's complaint necessary relies upon it.

## III

The enforceability of a forum selection clause in federal court is an issue of federal law. Manetti-Farrow, Inc. v. Gucci America, Inc., 858 F.2d 509, 513 (9th Cir. 1988). Under federal law, a forum-selection clause "should control absent a strong showing that it should be set aside." The Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15, 92 S. Ct. 1907, 1916 (1972). It may be set aside if a party can show that it is fundamentally unfair, Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 595, 111 S. Ct. 1522, 1528 (1991), or that enforcement would "contravene a strong public policy of the forum in which suit is brought, whether declared by statute or judicial decision," The Bremen, 407 U.S. at 15, 92 S. Ct. at 1916.

DDS appears to argue that the forum selection clause should not be enforced because it is a contract of adhesion and Georgia has no nexus to this matter outside of its inclusion in the forum selection clause.[2] We disagree. Pursuant to our fairness inquiry, we will not enforce a forum selection clause in a contract of adhesion if it was included as a means of discouraging prospective plaintiffs from pursuing legitimate claims, Carnival Cruise Lines, Inc., 499 U.S. at 595, 111 S. Ct. at 1528, or if it forces litigants to "resolve their essentially local disputes in a remote alien forum," id. at 594, 111 S. Ct. at 1528 (quoting The Bremen, 407 U.S. at 17, 92 S. Ct. at 1917). DDS alleges neither of these factors, and the fact that there is no nexus to Georgia other than its inclusion in the forum selection clause does not make the clause fundamentally unfair.

DDS also appears to argue that the forum selection clause should not be enforced because it is unconscionable, Arizona has a public policy not to enforce unconscionable agreements, and therefore to enforce it would "contravene a strong public policy of the forum in which suit is brought." The Bremen, 407 U.S. at 15, 92 S. Ct. at 1916. We disagree because the clause is not unconscionable. "The principle [of unconscionability] is one of the

---

[2] DDS makes these arguments with regard to the choice of law issue, not the choice of forum issue. However, DDS conflates the two issues in its response, and to ensure that all of DDS's relevant arguments are addressed, we address them here.

1  prevention of oppression and unfair surprise . . . ."  Seekings v. Jimmy GMC of Tucson, Inc.,
2  130 Ariz. 596, 602, 638 P.2d 210, 216 (1981) (quotation omitted).  Therefore, for a contract
3  to be unconscionable, there must be an element of unfairness.  DDS failed to allege that it
4  would be unfair to litigate this case in a Georgia forum–it merely contends that this is an
5  adhesion contract, and that its representative, Dr. Abedi, reasonably expected that the venue
6  would be in either Arizona or New York.  We assume that DDS believes that the Georgia
7  forum is unfair because it is inconvenient; however, inconvenience alone does not make a
8  forum selection clause unconscionable.  Bennett v. Appaloosa Horse Club, 201 Ariz. 372,
9  377, 35 P.3d 426, 431 (Ct. App. 2001).

10  DDS also argues that Arizona has a "compelling public policy interest in regulating
11  conduct within its borders."  Response at 9.  While this is undoubtedly true, it is relevant to
12  a choice of law inquiry, and is not relevant here, because it is clear under Arizona law that
13  forum selection clauses are presumptively valid.  Bennett, 201 Ariz. at 374, 35 P.3d at 428.

**IV**

15  For all of these reasons, DDS failed to meet its heavy burden of showing that the
16  forum selection clause should not be enforced.  **IT IS THEREFORE ORDERED**
17  **GRANTING** defendants' motion to dismiss for improper venue (doc. 4) and **DENYING** as
18  moot defendants' motion in the alternative to dismiss for failure to state a claim (doc. 4).
19  DATED this 10th day of March, 2006.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge