**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Desert Dental Solutions, Inc., | ) | No. 05-CV-3472-PHX-FJM |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Independent Resources Network Corporation, | ) | |
| Defendant. | ) | |

Plaintiff set forth various common law and statutory claims against defendant premised upon their contractual relationship. The parties' contract identifies the "courts of the State of Georgia sitting in DeKalb County" as the exclusive forum "for all actions arising out of or relating to" the contract. Motion to Dismiss, Ex. B at 4. In our Order dated March 10, 2006 (doc. 11), we concluded that the parties' contractual choice of forum was enforceable, and accordingly we granted defendant's motion to dismiss for improper venue (doc. 4). We have before us plaintiff's motion for reconsideration of that decision (doc. 13).

A forum selection clause is unenforceable if it is intended as a means of discouraging prospective plaintiffs from pursuing legitimate claims, or if it forces litigants to resolve their essentially local disputes in a remote alien forum. Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 594-95, 111 S. Ct. 1522, 1528 (1991). We concluded that plaintiff alleged neither of these factors. Order at 3 (doc. 11).

1       Plaintiff now specifically identifies a series of contractual provisions which have the
2  veneer of overreaching or unconscionability.[1]  Some of those provisions arise in the same
3  paragraph as the forum selection clause.  Taking that paragraph as a whole, an argument can
4  be made that the forum selection clause was drafted as a means of discouraging prospective
5  plaintiffs from pursuing legitimate claims.  However, reconsideration after judgment is an
6  extraordinary remedy, and shall be used sparingly to correct manifest errors of law or fact,
7  prevent manifest injustice, or to allow the moving party to present previously unavailable
8  evidence. McDowell v. Calderon, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999).  Plaintiff had the
9  opportunity to assert this argument in response to defendant's motion to dismiss, and failed
10 to do so,[2] and we refuse to initially consider it here.

11      Plaintiff also argues that because Georgia is inconvenient and otherwise unconnected
12 with this litigation, it is a remote alien forum.  Even if that is true, it alone will not make a
13 forum selection clause unenforceable; the forum must be remote and the dispute must be
14 inherently local. See Carnival Cruise Lines, Inc., 499 U.S. at 594, 111 S. Ct. at 1528.  These
15 claims, which arise out of a contract between an Arizona and a New York corporation, are

---

[1] Plaintiff surmises that the contract "was not previously fully addressed by the Court as perhaps it had not had the opportunity to fully review the 115-page governing contract." Motion for Reconsideration at 2.  Plaintiff substantially misrepresents the nature of the contract.  The "Card Services Terms & Conditions" element is only 4 pages. Motion to Dismiss, Ex. B. Most of the remainder is an "Electronic Payment Card Acceptance Guide," which is an easily readable manual. Motion to Dismiss, Ex. C. Moreover, the American legal system is premised on the adversarial process, and it is the burden of the litigant to set forth the arguments that support its position.  It is not the court's role to peruse the parties' contract for provisions that plaintiff might believe to be unconscionable.

[2] Plaintiff previously argued that the agreement is adhesive and the forum selection provision is unconscionable because Dr. Abedi would not have reasonably expected a contractual forum selection of Georgia state court.  With regard to this issue, plaintiff misconstrues this court's Order and suggests that the court is confused with regard to the meaning of the terms "unconscionable" and "unfair." Motion for Reconsideration at 3 n.1. We clarify for plaintiff that it is insufficient for a litigant to assert that a contractual provision should be struck for unconscionability.  The litigant must explain how it is unconscionable, and plaintiff failed to explicitly and successfully do so.

not essentially local, and plaintiff does not argue that they are. Moreover, while Georgia is undoubtedly inconvenient, plaintiff fails to show how it is any more inconvenient than New York–a forum which plaintiff implicitly concedes is reasonable.

Plaintiff also argues that we should reconsider our Order in light of the newly available evidence that defendant mailed plaintiff a letter demanding costs and attorney's fees of $35,889.34 within 10 days to avoid an enforcement action of the contractual fees provision in Georgia state court.[3] While this is undeniably a heavy-handed tactic, it is not relevant to our consideration of the fairness of the choice of forum.

Accordingly, **IT IS ORDERED DENYING** plaintiff's motion for reconsideration (doc. 13).

DATED this 29th day of March, 2006.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge

---

[3] Nothing in this Order, nor in our previous Order, will prevent plaintiff from arguing in subsequent litigation that the contractual provisions other than the forum selection clause are unconscionable and therefore unenforceable.